IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | |
| TECH MAHINDRA (AMERICAS) INC. | **COMPLAINT** |
| Defendant. | Jury Trial Demanded |

**NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Robert Rademacher. As alleged with greater particularity in paragraphs 12-23 below, the U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant Tech Mahindra (Americas) Inc. ("Tech Mahindra" or "Defendant") violated the ADA by abruptly terminating its interview with Rademacher and failing to ultimately hire him because of his disability.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of New York.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Tech Mahindra, has continuously been a Texas corporation doing business in the State of New York, the County of Monroe, and the City of Rochester, and has continuously had at least 15 employees.

5. At all relevant times, Tech Mahindra has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

6. At all relevant times, Tech Mahindra has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Rademacher filed a charge with the Commission alleging violations of the ADA by Defendant.

8. On March 15, 2023, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the unlawful employment practices described in the Letter of Determination.

10. On May 16, 2023, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. On or about November 15, 2022, Defendant engaged in unlawful employment practices, in violation of Section 102(a) and (b)(1) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b)(1).

13. Rademacher is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Rademacher has an impairment, deafness, that substantially limits a major life activity.

14. In or about November 2022, a Recruiter from Tech Mahindra contacted Rademacher and invited him to interview for an Automation Engineer position located in Rochester, New York.

15. The Recruiter reached out to Rademacher because he had the experience and skills needed for the Automation Engineer position.

16. The Recruiter scheduled Rademacher for a virtual interview on November 15, 2022, with Project Manager Vijay Kumar.

17. Rademacher provided his own interpreter for the interview via a relay service.

18. Upon realizing that Rademacher was deaf and using a sign-language interpreter, Kumar abruptly ended the interview and told Rademacher he was not getting the position.

19. Following the interview, the Recruiter emailed Rademacher and stated: "Thank you for your time today it is unfortunate that we can't proceed with your profile. While you have the perfect skill set for this role it would be a challenge having an interrupter [sic] on-site."

20. Although Rademacher explained that it was not necessary to have an interpreter onsite, as he could use a virtual "relay service," Tech Mahindra still refused to hire him.

21. The effect of the practices complained of above has been to deprive Rademacher of equal employment opportunities and otherwise adversely affect his status as an applicant for employment, because of his disability.

22. The unlawful employment practices complained of above were intentional.

23. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Rademacher.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Tech Mahindra, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in disability discrimination, and from engaging in any employment practice that discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities and reasonable accommodations for qualified individuals with disabilities and that eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Rademacher whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

F. Order Defendant to make Rademacher whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

G. Order Defendant to make Rademacher whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, in amounts to be determined at trial.

H. Order Defendant to pay Rademacher punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: July 14, 2023
       Buffalo, New York

Respectfully submitted,
GWENDOLYN YOUNG REAMS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, D.C. 20507

JEFFREY BURSTEIN
Regional Attorney
jeffrey.burstein@eeoc.gov

NORA CURTIN
Supervisory Trial Attorney
nora.curtin@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004

/s/ *Rebecca F. Izzo*
Rebecca F. Izzo
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Buffalo Local Office
300 Pearl Street, Suite 450
Buffalo, NY 14202
Tel: 716-431-5019
Fax: 716-551-4387
Email: rebecca.izzo@eeoc.gov