IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. Equal Employment Opportunity Commission,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Tech Mahindra (Americas), Inc.,<br><br>　　　　Defendant. | Civil Case No.: 6:23-cv-06397-FPG<br>Hon. Frank P. Geraci, Jr.<br><br>**AMENDED ANSWER TO COMPLAINT** |

　　　　For its Amended Answer to plaintiff's Complaint, defendant Tech Mahindra (Americas), Inc. ("defendant" or "TMA") states and alleges as follows:

### NATURE OF THE ACTION

　　　　Except as expressly admitted or qualified hereafter, TMA denies each and every allegation of the Complaint.

### JURISDICTION AND VENUE

　　　　1.　　Paragraph 1 contains only legal conclusions to which no response is required. To the extent that a response is required, TMA admits that jurisdiction is proper based on the EEOC's allegations. TMA denies any liability in this matter. Except as expressly admitted above, TMA denies Paragraph 1.

　　　　2.　　Paragraph 2 contains only legal conclusions to which no response is required. To the extent that a response is required, TMA admits that jurisdiction is proper

4871-0852-2865

based on the EEOC's allegations. TMA denies it has engaged in any unlawful employment practices. Except as expressly admitted above, TMA denies Paragraph 2.

## PARTIES

3. Paragraph 3 contains only legal conclusions to which no response is required. To the extent that a response is required, TMA admits that the EEOC is authorized to commence actions under the Americans with Disabilities Act ("ADA"), 42 U.S.C. Section 12117(a). TMA denies it has engaged in any unlawful employment practices. Except as expressly admitted above, TMA denies Paragraph 3.

4. TMA admits the allegations in Paragraph 4.

5. Paragraph 5 contains only legal conclusions to which no response is required. To the extent a response is required, TMA admits Paragraph 5.

6. Paragraph 6 contains only legal conclusions to which no response is required. To the extent a response is required, TMA admits Paragraph 6.

## ADMINISTRATIVE PROCEDURE

7. TMA admits Paragraph 7.

8. TMA admits that the EEOC issued a Letter of Determination on March 15, 2023 finding reasonable cause and began conciliation efforts. TMA denies all other allegations in Paragraph 8.

9. TMA admits that it engaged in conciliation efforts with the EEOC. TMA denies all other allegations in Paragraph 9.

10. TMA admits that the Commission issued a letter on May 16, 2023 and states that the letter speaks for itself. TMA denies all other allegations in Paragraph 10.

11. Paragraph 11 contains only legal conclusions to which no response is required. To the extent a response is required, TMA denies Paragraph 11.

## FACTS COMMON TO ALL COUNTS

12. TMA denies Paragraph 12.

13. TMA lacks sufficient knowledge of the allegations in Paragraph 13, and on that basis, denies them.

14. TMA admits only that Rademacher was invited to interview for an Automation Engineer position in Rochester, NY. TMA denies all other allegations in Paragraph 14.

15. TMA admits only that Rademacher was invited to interview for an Automation Engineer position in Rochester, NY based upon materials reviewed by TMA. TMA denies all other allegations in Paragraph 15.

16. TMA admits Paragraph 16.

17. TMA admits Paragraph 17.

18. TMA denies Paragraph 18.

19. TMA admits Paragraph 19.

20. TMA denies Paragraph 20.

21. TMA denies Paragraph 21.

22. TMA denies Paragraph 22.

23. TMA denies Paragraph 23.

4871-0852-2865

## GENERAL DENIAL

To the extent not already specifically addressed above, TMA denies each and every allegation directed toward it, demanding strict proof thereof.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the Complaint, and without admitting or acknowledging that TMA bears any burden of proof as to any of the allegations, TMA asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted or upon which the damages sought can be awarded.

## SECOND AFFIRMATIVE DEFENSE

2. As a matter of law, under the Americans with Disabilities Act ("ADA"), or any other federal anti-discrimination statute, TMA discharged all its obligations to afford Rademacher reasonable accommodations.

## THIRD AFFIRMATIVE DEFENSE

3. Even if some impermissible motive were a factor in any decision concerning Rademacher, which TMA expressly denies, the same decisions(s) would have been reached for legitimate business reasons.

## FOURTH AFFIRMATIVE DEFENSE

4. To the extent that Plaintiff alleges that TMA's employees acted unlawfully, such conduct, if it occurred, was outside the course and scope of that individual's

employment, was not authorized or condoned by TMA, and was taken without the knowledge or consent of TMA. Thus, TMA is not liable for such conduct, if it occurred.

### FIFTH AFFIRMATIVE DEFENSE

5.  Rademacher is not entitled to punitive damages because TMA acted in good faith and had reasonable grounds for believing that its alleged actions and omissions were in compliance with the ADA, and all other applicable anti-discrimination laws

### SIXTH AFFIRMATIVE DEFENSE

6.  To the extent Rademacher has failed to mitigate his damages, his recovery, if any, must be reduced accordingly.

### SEVENTH AFFIRMATIVE DEFENSE

7.  The claims for relief set forth in the Complaint are barred, in whole or in part, by the doctrines of waiver and estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

8.  Any award of civil, regulatory, and/or statutory penalties in this case would be unjust, arbitrary, oppressive, and confiscatory, and would violate the due process and excessive fines clauses of the United States Constitution.

9.  TMA hereby gives notice that it intends to rely upon any other defenses that may become available or apparent during the proceedings in this matter and hereby reserves its right to amend its Answer and to assert any such defenses.

4871-0852-2865

**PRAYER FOR RELIEF**

WHEREFORE, defendant Tech Mahindra (Americas), Inc. requests judgment be entered against plaintiff dismissing the Complaint in its entirety and granting defendant such other and further relief as the Court may deem necessary and proper.

Dated: August 28, 2023  By: */s/ Joseph G. Schmitt*
Joseph G. Schmitt (MN Reg. 231447)
*Admitted Pro hac vice*
Ben R. Erickson (#0403082)
*Admitted Pro hac vice*
NILAN JOHNSON LEWIS PA
250 Marquette Avenue South, Suite 800
Minneapolis, MN 55401
Phone: 612-305-7500
Fax: 612-305-7501
jschmitt@nilanjohnson.com
berickson@nilanjohnson.com

Katherine S. McClung
BOND SCHOENECK & KING
350 Linden Oaks Floor 3
Rochester, NY 14625
Phone: 585-362-4703
Fax: 585-362-4773
kmcclung@bsk.com

*Attorneys for Defendant*
*Tech Mahindra (Americas), Inc.*

4871-0852-2865