UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
U.S. EQUAL EMPLOYMENT OPPORTUNITY :
COMMISSION, :
 :
      Plaintiff, :
 :
v. : 6:23-CV-06397-FPG-MWP
 :
TECH MAHINDRA (AMERICAS), INC., :
 :
      Defendant. :
-----------------------------------------------------------x

## CONSENT DECREE

On July 14, 2023, the U.S. Equal Employment Opportunity Commission ("EEOC") brought this action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Robert Rademacher. The EEOC's Complaint alleged that Defendant Tech Mahindra (Americas) Inc. ("Tech Mahindra" or "Defendant") violated the ADA by failing to hire Rademacher because of his disability (deafness). Defendant denied the allegations in the Complaint and contended that it did not violate the ADA.

In November 2022, Rademacher interviewed for an Automation Engineer position with Tech Mahindra in Rochester, New York. Rademacher, who is deaf, provided his own interpreter for the interview via a relay service. Upon realizing that Rademacher was deaf and using a sign-language interpreter, Tech Mahindra abruptly ended the interview and told Rademacher he was not getting the position. Tech Mahindra then emailed Rademacher and stated: "Thank you for your time today it is unfortunate that we can't proceed with your profile. While you have the perfect skill set for this role it would be a challenge having an interrupter [sic] on-site."

1

In consideration of the mutual promises of each party to this Decree, the sufficiency of which is hereby acknowledged, it is agreed and IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

## PART I. GENERAL PROVISIONS

### Section 101. Purpose of this Decree

A. The EEOC and Defendant desire to settle this action, and therefore do hereby stipulate and consent to the Effective Date as final and binding between the parties.

B. The Decree resolves all issues that were raised in the EEOC's Complaint and Charge of Discrimination No. 450-2023-01203, which served as the jurisdictional prerequisite in this case. This Decree in no way affects the EEOC's right to process any pending or future charges that may have been or will be filed against Defendant, and to commence civil actions on any such charges.

C. The EEOC and Defendant agree that this Court has jurisdiction over the subject matter of this litigation and the parties, that venue is proper, and that all administrative prerequisites have been met. No party will contest the validity of this Decree or the jurisdiction of the federal district court to enforce this Decree and its terms.

D. The terms of this Decree represent the full and complete agreement of the parties. The parties agree that this Decree may be entered into without Findings of Fact and Conclusions of Law being made and entered by the Court.

### Section 102. Definitions

A. "Tech Mahindra" or "Defendant" means Defendant Tech Mahindra (Americas) Inc., and its predecessors, successors, assigns, and agents.

B. The "EEOC" is the U.S. Equal Employment Opportunity Commission, an agency of the United States Government charged with administering, interpreting, and enforcing the ADA.

    C.    "Parties" means Defendant and the EEOC.

    D.    "Charging Party" refers to Robert Rademacher, who filed EEOC Charge of Discrimination Number 450-2023-01203.

    E.    "Day" or "Days" means calendar days and includes weekends and holidays.

    F.    "Contact Information" means home address, home phone number, cell phone number, and personal e-mail address.

    G.    "Effective Date" means the date this Decree is entered by the Court.

    H.    Unless specifically noted, all terms apply for the duration of the Decree.

**Section 103    Applicability of Decree to Successors and Assigns or Upon Purchase, Merger or Consolidation**

If Defendant engages in any sale or transfer of its business or its assets, it will provide written notice of this lawsuit and a copy of the Complaint and this Decree to the purchaser of its business or assets, and to any successors, assigns, subsidiaries, or affiliates, including any entity with which Defendant will merge or consolidate. Defendant will provide written notice to the EEOC within twenty-one (21) days after any transfer of its business or assets.

**Section 104. Amendments to this Decree**

This Decree may be amended in the interests of justice and fairness and to facilitate execution of this Decree's provisions. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and approved or ordered by the Court.

**Section 105. Severability**

If one or more provisions of this Decree are rendered unlawful or unenforceable as a result of a legislative act or a decision by a court of competent jurisdiction, the following will apply to ensure that this Decree continues to effectuate the intent of the parties. The provisions of this Decree which are not rendered unlawful, unenforceable, or incapable of performance as a result of such

legislative act or court decision will remain in full force and effect and the parties' responsibilities will not abate as to any and all provisions that have not been rendered unlawful or unenforceable, except to the extent that the intent of this Decree would be undermined.

**Section 106. Breach of Decree**

A breach of any term of this Decree will be deemed a material and substantive breach of this Decree. Nothing in this Decree will be construed to preclude a Party from bringing proceedings to enforce this Decree if the other Party fails to perform any of the terms contained herein. This Decree will be construed by this Court under federal law.

**Section 107. Notices**

Except as otherwise provided for in this Decree, all notifications, reports, and communications to the parties required under this Decree will be made in writing and will be sufficient as emailed, hand-delivered, faxed, or sent by certified, registered, or overnight mail to the following persons (or their designated successors):

| | |
|---|---|
| For the EEOC: | Caitlin E. O'Neil<br>Buffalo Local Office<br>300 Pearl Street, Suite 450<br>Buffalo, NY 14202<br>caitlin.oneil@eeoc.gov<br><br>and decreemonitor.nydo@eeoc.gov |
| For Defendant: | Joseph G. Schmitt<br>Nilan Johnson Lewis PA<br>250 Marquette Avenue South, Suite 800<br>Minneapolis, MN 55401<br>jschmitt@nilanjohnson.com |

Any party may change such addresses by written notice to the other parties setting forth a new address for this purpose.

4867-6198-4417

## PART II. INJUNCTIVE RELIEF

**Section 201.  Injunctions**

    A.    Defendant, its managers, officers, agents, and any other person or entity acting on behalf of Defendant, are hereby enjoined from discriminating on the basis of deafness in all phases of employment including hiring, except that this Consent Decree shall not apply to individuals who are not qualified individuals with disabilities as those terms are defined by the ADA, and will not require Defendant to provide accommodations to individuals if doing so would pose an undue hardship upon Defendant.

    B.    Defendant, its managers, officers, agents and any other person or entity acting on behalf of Defendant, are hereby enjoined from retaliating against any employee, including but not limited to an employee who complains of discrimination, who oppose practices he or she consider to be unlawfully discriminatory, and/or who participate in protected activity or who provide information related to complaints of discrimination.

**Section 202.  Posting and Distribution of Notices**

    A.    <u>Posting of Notice of Lawsuit and Resolution</u>

Within twenty-eight (28) days of the Effective Date, Defendant will conspicuously post and maintain a "Notice of Lawsuit and Resolution" (attached as Exhibit A) in its New York and New Jersey facilities in all prominent places where employee notices are posted. Defendant will certify in writing to the EEOC within seven (7) days after it has posted the Notice of Resolution pursuant to this provision.

    B.    <u>Provision of Notice to Employees</u>

On an annual basis beginning six months after the Effective Date, Defendant will certify in writing to the EEOC that it has maintained the posting of the Notice of Resolution in accordance with the above terms.

**Section 203. Non-Discrimination Policy and Complaint Procedures**

    A.    <u>Content of Non-Discrimination Policies and Procedures</u>

        1.    Within twenty-eight (28) days of the Effective Date, Defendant will adopt/maintain anti-discrimination policies and complaint procedures ("Policies and Procedures") setting forth Defendant's commitment to equal opportunity in all aspects of employment and, at a minimum, containing the following:

        a. A strong and clear commitment to preventing unlawful disability-based discrimination and retaliation, and providing reasonable accommodations to individuals with disabilities;

        b. A clear and complete definition of disparate treatment based on disability and retaliation;

        c. A clear and complete definition of reasonable accommodation, along with a statement that such accommodations will be provided absent undue hardship;

        d. A statement that discrimination based on disability or retaliation is prohibited and will not be tolerated;

        e. A clear and strong encouragement of persons who believe they have been discriminated or retaliated against to report such concerns;

        f. A clear and strong encouragement of persons who require reasonable accommodations to request such accommodations;

g. The identification of specific individuals, with contact information, whom employees and/or applicants can contact to request reasonable accommodations and/or report their concerns about discrimination, harassment, or retaliation;

h. A clear explanation of the steps an employee must take to request a reasonable accommodation;

i. A clear explanation of the steps an employee must take to report discrimination or retaliation, which must include the options of either an oral or written complaint;

j. An assurance that Defendant will investigate allegations of any activity that might be construed as unlawful discrimination and that such investigation will be prompt, fair, and reasonable, and conducted by a neutral investigator specifically trained in receiving, processing, and investigating allegations of discrimination;

k. An assurance that appropriate corrective action will be taken by Defendant to make victims whole and to eradicate the unlawful conduct within its workforce;

l. A description of the consequences, up to and including termination, that will be imposed upon violators of Defendant's anti-discrimination policies;

m. A promise of maximum feasible confidentiality for persons who report unlawful discrimination, harassment, and/or retaliation, or who participate in an investigation into allegations of discrimination, harassment, and/or retaliation;

7

      n. An assurance of non-retaliation for persons who report unlawful discrimination, harassment, and/or retaliation, and for witnesses who provide testimony or assistance in the investigation(s) of such unlawful discrimination, harassment, and/or retaliation.

2. The Policies and Procedures are attached as Exhibit B. Attachment of the Tech Mahindra Policies and Procedures to this Decree is not a representation by the EEOC that Tech Mahindra has been or currently is in compliance with federal anti-discrimination laws. The Policies and Procedures will not be materially modified without the EEOC's approval.

B. <u>Issuance of Policies and Procedures</u>

1. Within twenty-eight (28) days of the Effective Date, Defendant will make the Policies and Procedures available on its intranet company portal that makes other human resources information or policies available to employees, will send an email to all employees with a link to its Policies and Procedures, and will certify in writing to the EEOC that it has done so.

2. Six months after the Effective Date and annually, Defendant will certify in writing to the EEOC that it has made the Policies and Procedures, available on its intranet portal, in accordance with the above terms.

3. Within twenty-eight (28) days of the Effective Date, Defendant will add Equal Opportunity Employer language and alert applicants that reasonable accommodations are available in the hiring process on the Tech Mahindra Job Application Website and each individual job description accessible at that website and certify in writing to the EEOC that it has done so.

**Section 204. ADA Coordinator**

    A. <u>ADA Coordinator</u>

Within sixty (60) days of the Effective Date, Defendant will employ Elizabeth Collura as ADA Coordinator at the senior manager or equivalent level with expertise in the ADA, EEO compliance, human resources, and personnel matters ("ADA Coordinator"). The ADA Coordinator must have significant experience with employment discrimination laws generally and with the ADA in particular, and will be subject to the EEOC's approval. The responsibilities assigned to the ADA Coordinator will include:

1. Reviewing requests for reasonable accommodation made by employees and applicants and determining whether to grant such accommodation in accordance with the requirements of the ADA;

2. Implementing the Policies and Procedures described in this Decree;

3. Implementing the training described in this Decree;

4. Reviewing, investigating, and recommending an appropriate response to complaints of discrimination based on disability or failure to accommodate;

5. Evaluating whether Defendant has taken appropriate and reasonable action to provide reasonable accommodations and to protect employees with a disability from disability discrimination.

    B. <u>Resources</u>

Within 120 days of the Effective Date, Defendant will ensure that the ADA Coordinator has adequate resources to accomplish all of his or her responsibilities, including ensuring Respondent fully complies with the ADA and this Consent Decree.

**Section 205. Training and Discipline**

 A. <u>Training</u>

  1. Within sixty (60) days of the Effective Date, Defendant will provide all employees in its Human Resources Department and/or who are involved in hiring or recruitment—including, but not limited to, Project Manager Vijay Kumar and any other employees located outside the United States who hire and/or recruit individuals in the United States, and Recruiters employed by any subsidiaries of Defendant—at least three (3) hours of virtual training on Defendant's obligations under the ADA, including the prohibitions against disability discrimination in hiring. During each subsequent year, Defendant will provide at least two (2) hours of such training. The training must also cover Defendant's Policies and Procedures for addressing reports and complaints of employment discrimination. The training will be conducted by Nilan Johnson Lewis.

  2. Within sixty (60) days of the Effective Date, Defendant will provide all supervisory employees—including, but not limited to, employees located outside the United States who supervise employees in the United States—at least three (3) hours of virtual training on Defendant's obligations under the ADA, including the prohibitions against disability discrimination in hiring. During each subsequent year, Defendant will provide at least two (2) hours of such training. The training must also cover Defendant's Policies and Procedures for addressing reports and complaints of employment discrimination. The training will be conducted by Nilan Johnson Lewis. In the event that Defendant seeks to change the identity of the trainer, it will provide the identity and credentials of the new trainer to the EEOC 30 days before the upcoming training for EEOC approval.

  3. Within thirty (30) days of the Effective Date, and annually, Defendant will provide at least four (4) additional hours of live, virtual one-on-one training to Project Manager

Vijay Kumar on Tech Mahindra's obligations under the ADA, including the prohibitions against disability discrimination in hiring. The training will be conducted by Nilan Johnson Lewis. This training is exclusive of training described elsewhere in this Decree.

B.  <u>Reporting Requirements for Training</u>

Within twenty-eight (28) days of the completion of any training described in the preceding paragraphs, Defendant will provide an affirmation to the EEOC that all employees who were required to did attend the training and will also provide the EEOC with copies of all training materials presented.

C.  <u>Managerial Discipline</u>

Within twenty-eight (28) days of the Effective Date, Defendant will issue to Project Manager Vijay Kumar a written disciplinary action document, and place such document in Kumar's permanent personnel file, which specifies that Kumar engaged in disability discrimination, and makes clear that any future similar failure by Kumar will result in his immediate termination.

**Section 204   Monitoring and Reporting**

A.  <u>Monitoring by the EEOC</u>

The EEOC may monitor Defendant's compliance with this Decree through the inspection of Defendant's records and interviews as needed at reasonable times. Defendant will make available for inspection and copying any records related to this Decree upon request by the EEOC.

B.  <u>Reporting Requirements for Discrimination Complaints</u>

Six months after the Effective Date of this Decree and annually, Defendant will provide a written report to the EEOC with information regarding any verbal or written complaints of disability discrimination from employees or applicants, which were received, pending or closed during the

preceding twelve months. The report will include the name of the complainant, a summary of the complaint, the location, and any remedial action taken by Defendant.

**Section 205    Compliance with Recordkeeping Requirements**

Defendant agrees to maintain such records as are necessary to demonstrate its compliance with this Decree and 29 C.F.R. §1602 *et seq.* and to verify that the reports submitted pursuant to this Decree are accurate.

**PART III    MONETARY RELIEF**

**Section 301    Monetary Payment to Charging Party**

A.    Within twenty-eight (28) days of the Effective Date, Defendant will pay the total gross sum of $255,000 to Charging Party, Robert Rademacher.

B.    $255,000 is designated as compensatory and punitive damages. Defendant will send the check and IRS FORM 1099 via a trackable delivery method, to Charging Party at an address provided by the EEOC. A copy of the check will be provided to the EEOC immediately upon its issuance.

**Section 302. The EEOC's Reporting Requirements under IRC Sections 162(f) and 6050X**

A.    The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide Defendant with a copy of the 1098-F form that it will provide to the Internal Revenue Service ("IRS").

B.    Defendant's EIN is: 223282696

The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is:

Pritesh Lakhotiya
5700 Democracy Drive, Suite 2000
Plano, TX 75024
AccountsReceivableUSA@TechMahindra.com

C.   The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

**PART IV   SIGNATURES**

Each signatory to this Decree represents that (s)he is fully authorized to execute this Decree and to bind the parties on whose behalf (s)he signs.

**PART V   DURATION OF DECREE**

A.   This Decree will remain in effect for three (3) years from the effective date of this Decree. The effective date of this Decree will be the date it is docketed by the clerk of court after it is signed by and/or receives approval from the Court. The Decree will not expire against any signatory while any enforcement action is pending against that signatory.

B.   If the EEOC has notified Defendant in writing not less than fifteen (15) days in advance of the expiration of this Decree that Defendant is not in compliance with any sections of this Decree, Defendant's obligations under this Decree will remain in effect until the EEOC determines that Defendant is in compliance.

C. The Court will retain jurisdiction over this action for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief provided herein. Upon signature and approval by the Court, the matter may be administratively closed but will not be dismissed.

APPROVED IN FORM AND CONTENT:

For Plaintiff EEOC:

JEFFREY BURSTEIN
Digitally signed by JEFFREY BURSTEIN
Date: 2024.02.06 17:16:01 -05'00'

Jeffrey Burstein
Regional Attorney

Nora E. Curtin
Assistant Regional Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York, 10004

Caitlin E. O'Neil
Trial Attorney
EEOC Buffalo Local Office
300 Pearl Street, Suite 450
Buffalo, New York 14202

For Defendant Tech Mahindra:

Joseph G. Schmitt (MN Reg. 231447)
Admitted Pro hac vice
NILAN JOHNSON LEWIS PA
250 Marquette Avenue South, Suite 800
Minneapolis, MN 55401
jschmitt@nilanjohnson.com

Katherine S. McClung
BOND SCHOENECK & KING
350 Linden Oaks Floor 3
Rochester, NY 14625
kmcclung@bsk.com

SO ORDERED this 13th day of February, 2024.

_____
Frank P. Geraci, Jr.
United States District Judge

4867-6198-4417